UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WCC ENERGY GROUP, LLC and )<br>SAMMY GARRARD )<br>)<br>Defendants. )<br>) | Civil Action No. |

# COMPLAINT

The United States of America, acting at the request of the United States Coast Guard, files this Complaint and alleges the following:

## NATURE OF THE ACTION

1. This is a civil action against WCC Energy Group, LLC ("Defendant WCC") and Sammy Garrard ("Defendant Garrard") (collectively "Defendants") seeking civil penalties and injunctive relief for violations of Section 311 of the Clean Water Act ("CWA"), 33 U.S.C. § 1321.

2. This Complaint addresses Defendants' unlawful discharges of oil from an oil production facility (the "Frog Lake Facility" or "Facility") in August 2017. The Facility is located in the Frog Lake area of the Atchafalaya River Basin in Iberville Parish, Louisiana.

3. The Frog Lake Facility consists of, among other things, three oil wells, a production and storage barge, and a 1.25-mile-long transfer line to transport oil from the barge to a low-water load-out point.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over this matter pursuant to Section 311(b)(7)(E) and (n) of the CWA, 33 U.S.C. § 1321(b) and (n); Section 311(e)(2) of the CWA, 33 U.S.C. § 1321(e)(2); and 28 U.S.C. §§ 1331, 1345, and 1355.

5.  Authority to bring this action on behalf of the United States is vested in the United States Department of Justice by, *inter alia*, 28 U.S.C. §§ 516, 519.

6.  Venue is proper in the Middle District of Louisiana pursuant to Section 311(b)(7)(E) and (e)(2) of the CWA, 33 U.S.C. § 1321(b)(7)(E) and (e)(2); and 28 U.S.C. §§ 1391 and 1395, because the claims arose in this district and Defendants reside, are located, and are doing business in this district.

## THE PARTIES

7.  Plaintiff United States of America is acting at the request of the Coast Guard.

8.  The Coast Guard served as the lead federal agency that discovered the violations at issue in this Complaint.

9.  Defendant WCC is a limited liability company with headquarters located in Kenner, Louisiana. Defendant WCC is an owner and operator of the Frog Lake Facility.

10. Defendant Garrard works in the oil and gas industry in Louisiana. He was an operator and person in charge of the Frog Lake Facility during the time period relevant to this Complaint, including from October 2016 to at least August 25, 2017. He resides in Livingston Parish, Louisiana.

## STATUTORY BACKGROUND

11. Section 311(b)(3) of the CWA, 33 U.S.C. § 1321(b)(3), prohibits the "discharge of oil or any hazardous substances (i) into or upon the navigable waters of the United States [or]

adjoining shorelines . . . in such quantities as may be harmful . . . ."

12. Pursuant to Section 311(b)(7)(A) of the CWA, 33 U.S.C. § 1321(b)(7)(A), "[a]ny person who is the owner, operator, or person in charge of any . . . offshore facility . . . from which oil . . . is discharged in violation of paragraph (3), shall be subject to a civil penalty in an amount up to [$46,192] per day of discharge or an amount up to [$1,848] per barrel of oil . . . discharged." *See also* 83 Fed. Reg. 1193 (Jan. 10, 2018) (presenting these inflation-adjusted penalty amounts effective after January 15, 2018, for violations that occur after November 2, 2015).

13. Civil penalties can be increased to a minimum of $184,767 per discharge and up to $5,543 per barrel of oil discharged pursuant to Section 311(b)(7)(D) of the CWA, 33 U.S.C. § 1321(b)(7)(D), if the violation results from "gross negligence or willful misconduct." *See also* 83 Fed. Reg. 1193 (Jan. 10, 2018) (presenting these inflation-adjusted penalty amounts effective after January 15, 2018, for violations that occur after November 2, 2015).

14. Section 311(e) of the CWA, 33 U.S.C. § 1321(e), provides the United States authority to address an "imminent and substantial threat to the public health or welfare of the United States . . . because of an actual or threatened discharge of oil or a hazardous substance from a vessel or facility in violation of subsection (b)."

15. Section 311(e)(1)(A) of the CWA, 33 U.S.C. § 1321(e)(1)(A), authorizes the Attorney General to secure "any relief from any person . . . as may be necessary to abate such endangerment." District courts have "jurisdiction to grant any relief under this subsection that the public interest and the equities of the case may require." 33 U.S.C. § 1321(e)(2).

16. Enforcement of Section 311 of the CWA supports the national objective to prevent and deter oil spills and "to restore and maintain the chemical, physical, and biological

integrity of the Nation's waters." 33 U.S.C. §§ 1251(a), 1321(b)(1).

# FACTS

*Background*

17. The Frog Lake Facility is located in the Frog Lake area of the Atchafalaya River Basin in Iberville Parish, Louisiana.

18. The Frog Lake Facility's transfer line transports oil from the Facility's barge to the Facility's low-water load out point. The low-water load out point is located in an area of Frog Lake where the waterway is continuously deep enough to allow access by oil transfer vessels, even during the low-water months of the year.

19. The Frog Lake Facility's barge continuously floats on bayou waters and collects and stores oil from the Facility's oil wells.

20. Defendant WCC is the owner and an operator of the Frog Lake Facility, including the oil wells, transfer line, and the barge.

21. Defendant Garrard worked for Defendant WCC from October 2016 to at least August 25, 2017. During that time period, Defendant Garrard was the on-site manager of the operations at the Frog Lake Facility and was an operator and person in charge of the Facility, including the oil wells, transfer line, and the barge.

22. The body of water and wetlands where the Frog Lake Facility is located is part of, a tributary of, or adjacent to the Atchafalaya River and the Atchafalaya River Basin.

*The Frog Lake Facility's Transfer Line Oil Spill*

23. On August 25, 2017, the local Coast Guard unit, Marine Safety Unit Baton Rouge, inspected the Frog Lake Facility.

24. During the August 25, 2017 inspection, Coast Guard pollution investigators

observed spilled oil directly below a portion of the transfer line near the low-water load-out point. The oil had spilled from the transfer line and heavy oil staining was present in the area.

25. On information and belief, the spill occurred at least one week earlier in August 2017, but Defendants failed to notify the National Response Center as required by Section 311(b)(5) of the CWA, 33 U.S.C. § 1321(b)(5).

*The Frog Lake Facility's Barge Deck Oil Spill*

26. During the same August 25, 2017 inspection, Coast Guard pollution investigators observed an oil sheen in the water surrounding the Facility's barge. Investigators also observed oiled sorbent material on the barge deck and residual crude oil on the barge deck from leaking equipment that was spilling over the side of the barge.

27. On information and belief, the spill into the waterway began prior to the date of the inspection, but Defendants failed to notify the National Response Center as required by Section 311(b)(5) of the CWA, 33 U.S.C. § 1321(b)(5).

28. Coast Guard investigators also observed poor operations at the Facility, including improper management and disposal of oily wastes and leaking equipment.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Civil Penalties for Oil Discharges in Violation of CWA Section 311(b), 33 U.S.C. § 1321(b)**

29. The preceding paragraphs are incorporated herein.

30. Defendants are each a "person" within the meaning of Section 311(a)(7) of the CWA, 33 U.S.C. § 1321(a)(7).

31. Defendant WCC is an "owner" and "operator" within the meaning of Section 311(a)(6) of the CWA, 33 U.S.C. § 1321(a)(6).

5

32. Defendant Garrard is an "operator" and "person in charge" within the meaning of Section 311(a)(6) of the CWA, 33 U.S.C. § 1321(a)(6).

33. Defendants are the owner, operators, and person in charge of the Frog Lake Facility from which oil was discharged within the meaning of Section 311(a)(6) of the CWA. 33 U.S.C. § 1321(a)(6).

34. The Frog Lake Facility is an "offshore facility" within the meaning of Section 311(a)(11) of the CWA, 33 U.S.C. § 1321(a)(11).

35. The spilling of oil from the Frog Lake Facility constitutes "discharges" of oil within the meaning of Section 311(a)(2) of the CWA, 33 U.S.C. § 1321(a)(2).

36. The discharges were of Louisiana crude oil, which is "oil" within the meaning of Section 311(a)(1) of the CWA, 33 U.S.C. § 1321(a)(1).

37. The Frog Lake area into which oil spilled is a "navigable water of the United States" within the meaning of Section 311(b)(3) of the CWA, 33 U.S.C. § 1321(b)(3).

38. The Atchafalaya River Basin is a "navigable water of the United States" within the meaning of Section 311(b)(3) of the CWA, 33 U.S.C. § 1321(b)(3).

39. The Atchafalaya River is a "navigable water of the United States" within the meaning of Section 311(b)(3) of the CWA, 33 U.S.C. § 1321(b)(3).

40. Defendants' oil discharges caused a sheen upon and discoloration of water surfaces and adjoining shorelines, or caused sludge or emulsion to be deposited beneath the surface of the waters and upon adjoining shorelines. Thus, the quantities discharged were in quantities "as may be harmful" within the meaning of Section 311(b)(3) and (4) of the CWA. 33 U.S.C. § 1321(b)(3), (4); 40 C.F.R. § 110.3.

41. Defendants' oil discharges violated Section 311(b)(3) of the CWA, 33 U.S.C.

6

§ 1321(b)(3).

42. Defendants are each liable for civil penalties of up to $46,192 per day per violation under Section 311(b)(7)(A) of the CWA, 33 U.S.C. § 1321(b)(7)(A), or, if it is proven that the violations resulted from gross negligence or willful misconduct, not less than $184,767 per discharge and up to $5,543 per barrel discharged under Section 311(b)(7)(D), 33 U.S.C. § 1321(b)(7)(D). *See also* 83 Fed. Reg. 1193 (Jan. 10, 2018) (presenting these inflation-adjusted penalty amounts effective after January 15, 2018, for violations that occur after November 2, 2015).

## SECOND CAUSE OF ACTION
### Injunctive Relief under CWA Section 311(e), 33 U.S.C. § 1321(e)

43. The preceding paragraphs are incorporated herein.

44. The United States seeks injunctive relief to prevent future discharges of oil by Defendants into the Atchafalaya River Basin or other navigable waters of the United States. The United States seeks injunctive relief pursuant to Section 311(e) of the CWA, 33 U.S.C. § 1321(e).

45. Defendants' history of improper operations, including operating with leaking equipment and improper management and disposal of oily wastes, and Defendants' continued involvement in the Louisiana oil and gas industry pose an imminent and substantial threat of additional oil spills and injuries to the environment and to the public health or welfare. Corrective measures imposed by the Court are needed to assure proper operations going forward.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment that Defendants are liable to the United States for civil penalties pursuant to 311(b) of the Clean Water Act and assess civil penalties of up to $46,192 per person

per day of violation for the Frog Lake Facility oil spills pursuant to Section 311(b)(7)(A), or if the violations resulted from gross negligence or willful misconduct, not less than $184,767 per person per discharge and up to $5,432 per person per barrel discharged pursuant to Section 311(b)(7)(D);

  B. Enter judgment that Defendants are liable to the United States for all appropriate injunctive relief pursuant to Section 311(e) of the Clean Water Act and award injunctive relief against Defendants as appropriate;

  C. Award the United States its costs of this action; and

  D. Award the United States such other and further relief as the Court deems just and proper.

               Respectfully submitted,

               */s/ Jeffrey H. Wood*
               JEFFREY H. WOOD
               Acting Assistant Attorney General
               Environment and Natural Resources Division
               United States Department of Justice

               */s/ Jason T. Barbeau*
               JASON T. BARBEAU (D.C. Bar #468200)
               Senior Trial Attorney
               R. SHEA DIAZ (D.C. Bar #1500278)
               Trial Attorney
               Environmental Enforcement Section
               Environment and Natural Resources Division
               United States Department of Justice
               P.O. Box 7611
               Washington, D.C. 20044-7611
               Phone: (202) 616-3168
               Fax: (202) 616-6584
               E-mail: jason.barbeau@usdoj.gov

                    BRANDON J. FREMIN
                    United States Attorney
                    Middle District of Louisiana

                    SUSAN AMUNDSON (LBN 22710)
                    Assistant United States Attorney
                    U.S. Attorney's Office
                    Middle District of Louisiana
                    777 Florida Street, Ste. 208
                    Baton Rouge, LA  70801
                    Tel:  (225) 389-0443
                    Fax:  (225) 389-0685
                    susan.amundson@usdoj.gov

OF COUNSEL:

LCDR GRETAL KINNEY
Legal Counsel
United States Coast Guard, District 8
500 Poydras Street
New Orleans, LA  70130

LCDR GARY MURPHY
Office of Claims and Litigation
Coast Guard Headquarters
2703 Martin Luther King Jr. Ave. SE
Washington, DC 20593-7213

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

## DEFENDANTS
WCC ENERGY GROUP, LLC
GARRARD, SAMMY

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Iberville Parish
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jason T. Barbeau; R. Shea Diaz
USDOJ-ENRD, P.O. Box 7611 Washington, DC 20044
(202) 616-8908

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | [X] 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
33 U.S.C. § 1321 (Clean Water Act)
Brief description of cause:
Seeking civil penalties and injunctive relief for oil discharges.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE Brady
DOCKET NUMBER 3:16-cv-260-JJB-RLB

DATE: April 30, 2018
SIGNATURE OF ATTORNEY OF RECORD: *Jason T. Barbeau*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____